## SALES OF STOCKS OF MERCHANDISE OTHERWISE THAN IN THE COURSE OF TRADE.

Circuit Court of Stark County.

THE CANTON ELECTRIC COMPANY V. ERNEST GUIRLINGER, THE MERCHANTS COMMISSION COMPANY AND FRANK SAGE.

Decided, February 21, 1910.

*Sale of Merchandise in Bulk—Exempt Property.*

A sale of merchandise in bulk contrary to the provisions of Section 6343, Revised Statutes, as amended April 30, 1908 (99 O. L., 241), is void as to creditors of the vendor, notwithstanding all the property sold might have been claimed as exempt by the vendor.

*Lynch & Day,* for plaintiff in error.
*Ed L. Smith,* contra.

MARVIN, J.; TAGGART, J., and DONAHUE, J., concur.

Guirlinger had a small business establishment in Canton in which he sold at retail, confectionery, fruit, ice cream and the like. The Merchants Commission Company carried on a wholesale business, selling fruit and other commodities, such as Guirlinger sold at retail. Sage carried on a retail business at Canton, and he was also one of the directors of the Merchants Commission Company. Guirlinger became indebted to various parties, including the Merchants Commission Company, the plaintiff in this action. He was a husband living with his wife; was a

resident of the state of Ohio, and was not the owner of any homestead or any property other than the goods and fixtures in his place of business, already mentioned.

In September, 1908, Guirlinger was indebted to the commission company in the sum of about $350. This was for goods which he had purchased from time to time from the company, and though he paid along from time to time, his indebtedness continually grew. That is, his payments for the year preceding the month of September, 1908, had been less than his purchases, so that his account was steadily growing. The company frequently called upon him for payments which they ought to get, and called his attention to the fact that his debt to them was increasing all the time. To this he answered on several occasions, that "whatever happens to me, you shall be paid." In September, 1908, he went to Mr. Wachter, secretary, treasurer and manager of the Merchants Commission Company, and said to him, "I am all in," and he proposed to pay the company his debt to it by turning over all the merchandise and fixtures in his little store. An attachment had already been levied by another creditor of Guirlinger on this property for the sum of $75 and thereupon Wachter, acting for the company, paid the attachment creditor his $75 and took all the merchandise and fixtures in Guirlinger's store in payment of his indebtedness to the company, together with this attachment debt.

The plaintiff was at the time of this sale a creditor of Guirlinger's, and in October, 1908, took judgment against him for the amount of its claim, and issued execution, which was returned "no goods." The Merchants Commission Company subsequently went into the hands of a receiver, and the plaintiff seeks to have the sale by Guirlinger to the commission company treated as void, and to have his claim paid out of the property which Guirlinger sold to the commission company. On the day after Guirlinger sold to the commission company, it sold all of the goods which it purchased from Guirlinger to the defendant, Frank Sage, and he paid in money the full value of the goods. The plaintiff seeks to have the sale by Guirlinger to the commission company and by it to Sage, declared void, and to have judgment against each for its *pro rata*

share of the value of the goods which had belonged to Guirlinger. The suit is brought under favor of Section 6343 of the Revised Statutes of Ohio, as amended April 30, 1908 (99 O. L., 241), and the petition avers facts which are set out in the third paragraph of that section, on page 242, that is, that the sale was not made in the ordinary course of trade in the regular and usual prosecution of the seller's or transferer's business; that the sale or transfer was of an entire stock in bulk, and therefore, in the language of the statute the sale must "be presumed to be made with the intent to hinder, delay or defraud creditors within the meaning of the section, unless the seller or transferer shall, not less than seven days previous to the transfer of the stock of goods sold or intended to be sold, and the payment of the money therefor, cause to be recorded in the office of the county recorder of the county in which such seller or transferer conducts his business, notice of his intention to make such sale."

No such notice was given in this case. Attention is called to this because it is urged here that the general creditors of Guirlinger suffered nothing by reason of this sale, because it is said that since he was a resident of Ohio, a husband living with his wife, and not the owner of any home or indeed of any other property, none of his creditors could have received any payment out of this property, because he could have claimed it all as exempt from execution, and that if he chose to waive that right in favor of his creditor, the commission company, there was no prejudice to any other of his creditors. Attention is called to this also, because the language is, "Every sale or transfer of any portion of a stock of goods, wares or merchandise, otherwise than in the ordinary course of trade," etc., whereas the greater part of the property sold to the commission company was the fixtures. But we think whatever may be said as to this paragraph of the section, the first paragraph of the section authorizes the plaintiff to have the relief, as against the commission company, sought in this action. This reads:

"Every sale, conveyance, transfer, mortgage or assignment, made in trust or otherwise, by a debtor or debtors, and every judgment suffered by him or them against himself or themselves in contemplation of insolvency and with a desire to prefer one or

more creditors to the exclusion in whole or in part of others, shall be declared void as to creditors of such debtor or debtors at the suit of any creditor or creditors,'' etc.

It will be noticed that the transferring of property mentioned in this paragraph is not in any wise affected by the fact that the debtor transfers property to his creditor which he might have claimed as exempt from execution.

The second paragraph provides in these words:

''Provided however, that the provisions of this section shall not apply unless the person or persons to whom such sale, conveyance, transfer, mortgage or assignment be made, knew of such fraudulent intent on the part of such debtor or debtors,'' etc.

We hold that the commission company when it accepted this property in payment of its claim against Guirlinger, knew of his insolvency, and knew it from the facts which have already been stated in this opinion, and therefore, the sale to it was void as against the other creditors of Guirlinger. The sale by the commission company to Sage was not in payment of any antecedent debt owing to him by anybody. He paid all that the property was worth and is entitled to hold it. The value of the property is held to be the amount which Guirlinger owed to the commission company at the time of the sale of it, and a decree will be entered for an accounting by the commission company, or its receiver, of this amount and the payment to the plaintiff of its *pro rata* part thereof.